**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TRACEY FILLMORE,**

                    **Plaintiff,**                      **No. _____**

**-against-**                                            **COMPLAINT**

**LVNV FUNDING LLC,**

                      **Defendant.**

---

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for the violation by Defendant LVNV Funding LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by LVNV Funding LLC was an alleged consumer credit debt of Plaintiff Tracey Fillmore to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff Tracey Fillmore ("Fillmore") is a natural person residing in the

County of Monroe, State of New York.

4.     Upon information and belief, Defendant LVNV Funding LLC ("LVNV Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.     LVNV Funding is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. LVNV Funding is also a debt collector pursuant to 15 U.S.C. § 1692a(6) as a person who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or LVNV Funding itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

6.     Fillmore qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## FACTUAL ALLEGATIONS

7.     In December of 2015, LVNV Funding caused to be filed a collection action against Fillmore captioned *LVNV Funding LLC A/P/O Credit One Bank, N.A. v. Tracey Fillmore*, Supreme Court of the State of New York, Monroe County, Index No. 2015/14033.   The collection action was served on Fillmore subsequent to filing.

8.     The complaint in the collection action alleged that LVNV Funding purchased and was assigned a credit card account on which Fillmore had originally been liable for

$810 to original creditor Credit One Bank, N.A.  The collection complaint further alleged that the credit card account was assigned by Credit One Bank, N.A. to MHC Receivables, which assigned the account to Sherman Originator LLC, which then assigned the account to LVNV Funding.  LVNV Funding further alleged that it was assigned the account after the account had already been in default.

9. Fillmore retained an attorney to defend her in the collection action, and incurred liability for attorney fees in the amount of $250.00 and court costs of $140.00. Fillmore interposed an answer in which she denied the allegations of the collection action complaint, and raised various affirmative defenses, including lack of standing.

10. Fillmore's attorney brought a motion for summary judgment in the collection action in Supreme Court, Monroe County, State of New York, based on LVNV Funding's lack of standing and inability to prove that it was the owner of the alleged credit card account on which the collection action was based.  Because LVNV Funding could not show that it owned a credit card account in the amount of $810.00 originally issued by Credit One Bank, N.A. on which Fillmore was allegedly liable, LVNV Funding had no basis on which to attempt to collect any such debt from Fillmore through the aforementioned collection action or otherwise.

11. Supreme Court granted Fillmore's motion for summary judgment by an order entered in the Monroe County Clerk's Office on July 1, 2016.

12. The caption appearing on both the summons and the complaint in the collection action designated the plaintiff as "LVNV Funding LLC A/P/O Credit One Bank, N.A."  "A/P/O" was defined in the complaint to be "as purchaser of."  Therefore the caption on the summons as well as on the complaint in the collection action set forth a

plaintiff called "LVNV Funding LLC as purchaser of Credit One Bank, N.A.," an entity that has no legal existence.

13. LVNV Funding LLC never purchased Credit One Bank, N.A.

14. The designation of the plaintiff in the collection claim is therefore false, deceptive, and confusing. Such a plaintiff does not actually exist.

15. An unsophisticated consumer would be deceived and confused by the representation of the plaintiff in the collection action as a nonexistent entity called "LVNV Funding LLC as purchaser of Credit One Bank, N.A." An unsophisticated consumer would not recognize and could not trust that the collection plaintiff was LVNV Funding LLC; might think the plaintiff was the original creditor; or could surmise that the plaintiff was LVNV Funding as the purchaser of Credit One Bank, N.A., which is a nonexistent entity. An unsophisticated consumer would not know who brought the claim. Any judgment obtained in the name of LVNV Funding as the purchaser of Credit One Bank, N.A. would be in favor of a nonexistent entity. If LVNV Funding LLC sought judgment in its own name, it would deceptively be taking judgment in a name other than the plaintiff named in the collection complaint. Moreover, the term "A/P/O" is not a recognized legal term, creates confusion, and there is no legitimate basis for putting this term in the caption.

**FIRST CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692e and 1692e(2)(A) OF THE FDCPA BASED ON LACK OF OWNERSHIP OF DEBT**

1. Fillmore repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

2. LVNV Funding violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not

use any false, deceptive, or misleading representation or means in connection with the collection of any debt." LVNV Funding misrepresented in the collection complaint that for purposes of the collection action it owned through assignment a credit card account on which Fillmore was liable for $810.00 that it obtained from Sherman Originator LLC when in fact it failed to prove for purposes of the collection action and cannot prove that it was the owner of any such account, or was ever assigned such account.

3. LVNV Funding further violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection summons and complaint the legal status of the alleged debt. LVNV Funding claimed that it owned the alleged debt of $810.00 when in fact, LVNV Funding could not prove such ownership as a basis for bringing the collection action, and therefore had no legal basis on which to ever attempt collection of the debt, or claim that Fillmore owed it the amount of $810.00.

**SECOND CLAIM – VIOLATION OF 15 U.S.C. § 1692e(5) OF THE FDCPA FOR THREATENING JUDGMENT WITHOUT OWNERSHIP**

4. Fillmore repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

5. LVNV Funding violated 15 U.S.C. § 1692e(5) by threatening in the collection summons and complaint to take action that cannot be legally taken. Specifically, LVNV Funding threatened to take a judgment on the alleged debt against Fillmore, including costs and interest, despite the fact that LVNV Funding was not capable of proving ownership of the debt for purposes of the collection action, and therefore was not legally entitled to take a judgment against Fillmore.

**THIRD CLAIM – VIOLATION OF 15 U.S.C. §§ 1692f AND 1692f(1) OF THE FDCPA BASED ON NO AGREEMENT**

1. Fillmore repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

2. It is provided in 15 U.S.C. § 1692f, in relevant part: "Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

3. LVNV FUNDING violated the general application of § 1692f because it could not prove that it owned the debt alleged to be owed by Fillmore in the collection complaint.

4. LVNV Funding violated the specific conduct prohibited by § 1692f(1) because it could not demonstrate that it was assigned the rights under any agreement that authorized LVNV FUNDING to collect any amount from Fillmore with regard to a credit card account allegedly acquired from Sherman Originator LLC.

**FOURTH CLAIM – VIOLATION 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692e(14) BASED ON DECEPTIVE CAPTION IN COLLECTION ACTION**

5. Fillmore repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

6. LVNV Funding violated 15 U.S.C. § 1692e by deceptively and misleadingly designating the plaintiff in the caption of the collection claim against Fillmore as "LVNV

Funding LLC A/P/O Credit One Bank, N.A.," which translates to LVNV Funding LLC as purchaser of Credit One Bank, N.A., an entity that has no legal existence.  Defendants deceptively and misleadingly represented that LVNV Funding purchased Credit One Bank, N.A. and was suing in the capacity of a purchaser of Credit One Bank, N.A. when in fact it was not.  An unsophisticated consumer could be further mislead and confused by such a designation, and would not know if the plaintiff was LVNV Funding LLC; Credit One Bank, N.A.; LVNV Funding as the purchaser of Credit One Bank, N.A.; or otherwise.

7.   Defendants violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that LVNV Funding was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer.  The claim that LVNV Funding was the purchaser of the Credit One Bank, N.A. also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

8.   Defendants violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "LVNV Funding LLC A/P/O Credit One Bank, N.A.," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

9.   The misrepresentation, deception, and unconscionable and unfair means employed by LVNV Funding with respect to the caption in collection lawsuit was material and likely to mislead the least sophisticated debtor.

10.   As a result of the violations in this count of the complaint, Fillmore as an

unsophisticated consumer suffered actual injuries that consisted of attorney fees and costs in defending the collection action, being at risk of a judgment by a non-existent entity, being at risk for multiple collection procedures by various entities claiming to own the alleged debt, being at risk of not knowing the identity of the actual owner of the alleged debt, being at risk of paying an entity that did not own the alleged debt, and being falsely and misleadingly informed of the identity of the party claiming to be entitled to collect on the debt.

11. As a result of the above violations of the FDCPA, LVNV FUNDING is liable to Fillmore for her actual damages for the cost of attorney fees in defending the lawsuit in Supreme Court, Monroe County, in the amount of $250.00 plus court costs of $140.00, statutory damages, and costs and attorney fees for prosecuting this action.

**FIFTH CLAIM – DECEPTIVE PRACTICES UNDER NEW YORK LAW**

1. Plaintiff repeats and realleges the foregoing allegations of the complaint.

2. As stated above, LVNV Funding deceptively attempted to collect a consumer debt from Fillmore to which the Court determined LVNV Funding could not prove ownership in the collection action, and also deceptively claimed in the collection action that the plaintiff was LVNV Funding LLC as purchaser of Credit One Bank, N.A.

3. The foregoing deceptive acts and practices in the conduct of its debt collection business with regard to Fillmore violated New York General Business Law §349, thereby causing damages to Fillmore.

4. New York General Business Law §349(a) provides as follows: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

5. LVNV Funding's deceptive conduct was consumer oriented in that it engaged in deceptive collection activities against Fillmore with respect to an alleged consumer debt, and which could affect the public at large.  In fact, LVNV Funding engages in collecting consumer debts with regard to numerous other residents of New York in the public at large.

6. LVNV Funding's practices were deceptive and misleading in a material way.  The deceptive practices were likely to mislead a reasonable consumer acting reasonably under the circumstances.

7. As a result of LVNV Funding's deception, Fillmore suffered actual damages consisting of attorney fees and court costs of $390.00 incurred in defending against LVNV Funding's deceptive collection practices.

8. Plaintiff is also entitled to an award of reasonable attorney fees for prosecuting this action pursuant to §349 of the New York General Business Law.

9. Plaintiff is entitled to punitive damages based on the egregious and unconscionable deceptive practices of LVNV Funding LLC in pursuing debt collection on debts to which it cannot show ownership, as well as collecting on assigned debts for which no notice of assignment has been given to the debtor. These deceptive practices clearly have the potential to affect the public at large. LVNV Funding's conduct is so flagrant that it transcends mere carelessness.

10. Fillmore is entitled to treble damages up to $1,000.00 provided for

under §349 of the New York General Business Law, since LVNV Funding's deception was willful and knowing.

11.     Fillmore may also be entitled to statutory damages pursuant to §349 of the New York General Business Law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual and statutory damages in amounts to be determined by the Jury and/or Court in Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k.

B. Actual, statutory, treble and punitive damages in amounts to be determined by the Jury and/or Court in Plaintiff's State deceptive practices claim pursuant to New York State General Business Law § 349.

C. Costs and reasonable attorney fees on the FDCPA claims pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees on the State deceptive practices claim pursuant to New York State General Business Law § 349.

E.  Such other and further relief as may be just and proper.

Dated: November 2, 2016

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

/s/ David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
401 Penbrooke Dr., Bldg. 2, Ste. B
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com